In re LIBERTY TRUST
COMPANY, Debtor.

Neal R. ALLEN, Trustee of Liberty
Trust Co., Plaintiff,

v.

FIRST SAVINGS OF
LOUISIANA, Defendant.

Bankruptcy No. 87–70134.
Adv. No. 87–7120.

United States Bankruptcy Court,
W.D. Texas,
Midland/Odessa Division.

June 15, 1988.

**14**

Richard E. Booth of Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, Tex., for plaintiff.

Britton D. Monts of Lynch, Chappel, Allday & Allsup, Midland, Tex., and Robin B. Cheatham of Adams & Reese, New Orleans, La., for defendant.

## MEMORANDUM OPINION

R. GLEN AYERS, Jr., Chief Judge.

The Court has considered the Defendant's Motion for Relief from Summary Judgment and the Response thereto. The following constitutes the Court's mixed findings of fact and conclusions of law.

Plaintiff NEAL R. ALLEN, TRUSTEE OF LIBERTY TRUST CO., filed a Motion for Summary Judgment on April 22, 1988. The date reflected in the attached Certificate of Service indicates that a copy was mailed to counsel for First Savings of Louisiana on April 21, 1988. The affidavit of First Savings' attorney states that the Motion for Summary Judgment was received on April 25, 1988. First Savings never filed a response to the Motion for Summary Judgment. The affidavit does not state any reason for the failure to respond to the motion.

In its Motion for Relief, First Savings refers to Rule 9013 of the Local Rules of the Bankruptcy Courts for the Western District of Texas. That rule refers to motion practice but does not specify which motions it controls. First Savings notes that motions for summary judgment are governed by F.R.Civ.P. 56, made applicable by Bankruptcy Rule 7056. The order of May 22, 1985, adopting the Local Bankruptcy Rules provides that "The Local District Court Rules for the Western District of Texas, effective March 1, 1982 as amended are expressly made applicable to all cases and proceedings before the Bankruptcy Court." Motion practice in District Court, including summary judgment, is governed by Local District Rule 300–5. Motions within an adversary proceeding are generally controlled by the Federal Rules of Civil Procedure as made applicable by Part VII of the Bankruptcy Rules. The Court finds and holds the Local District Rule 300–5 applies to any and all motions filed within an adversary proceeding. Local Bankruptcy Rule 9013 applies to motions filed within a bankruptcy case, but not within an adversary proceeding.

Rule 300–5(e) of the Local Rules for the District Court of the Western District of Texas states "if a party opposes a motion, the respondent shall file a response ... within the time prescribed by subsection (f). Subsection (f) allows a party ten days to respond." Local Bankruptcy Rule 9013(b)(3) provides, "if no response in opposition to a motion is received within twenty (20) days after the date reflected in the Certificate of Service, the motion may be granted without further notice." Defendant failed to respond to Plaintiff's Motion for Summary Judgment. According to both the Local District Rules and the Local Bankruptcy Rules, the Court could assume the motion was unopposed and grant the motion without a hearing.

All parties coming before this Court are charged with notice of all the local rules. Although Rule 56, Federal Rules of Civil Procedure, speaks of a ten (10) day notice of hearing, the mere filing of Plaintiff's Motion for Summary Judgment put Defendant on notice that the Court could assume the motion was unopposed and that the motion could be granted without further notice to Defendant if Defendant failed to respond thereto. Further, 11 USC § 102 states in part as follows:

(1) "after notice and a hearing", or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

Inasmuch as Defendant admitted timely receipt of Plaintiff's Motion for Summary Judgment, failed to respond to it, failed to request a hearing thereon, and was charged with the notice provisions of Local District Rule 300–5 and Local Bankruptcy Rule 9013(b)(3), the entry of judgment by the Court was entirely proper. Therefore, the Court will enter an order denying First Savings' Motion for Relief from Summary Judgment.